UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARY SOWELL and
ALVIN SOWELL,

     Plaintiffs,

v.                              CASE NO.:  5:14-CV-00093-RS-GRJ

TARGET CORPORATION,
     Defendant.
_____/

## MOTION FOR PROTECTIVE ORDER
## WITH SUPPORTING MEMORANDUM OF LAW

     Defendant Target Corporation, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c) and Northern District of Florida Local Rule 26.2(C) hereby moves for the entry of a Protective Order as to the production of store surveillance video depicting Plaintiff's slip and fall accident.  In support thereof, Defendant states as follows:

     1. This is a personal injury case alleging Plaintiff slipped and fell in a Target store.

     2. In Plaintiffs' Second Request for Production served on April 30, 2014, Plaintiffs seek "[a] copy of any video showing Plaintiff's, Mary Sowell's, fall or area where Plaintiff, Mary Sowell, fell."  Target Corporation has responded to this Request for Production which response is attached hereto and incorporated herein by reference as Exhibit A.

     3. The store surveillance video of the incident is not subject to disclosure because it is work product[1] preserved and maintained solely in anticipation of litigation under the policies of Defendant's claims department and at the direction of said department.

_____

[1] Defendant acknowledges the existence of non-binding case law holding store surveillance videos are not work product, but other recent cases have found to the contrary. See *Washburn v. Lawrence Cty. Bd. of Comm'rs*, 2012 U.S. Dist. LEXIS 75498 *2-4 (S.D. Ohio 2012) (holding that, while

4. Without waiving the above work product objection, and regardless of whether the video is work product or not, the Court should allow Defendant to withhold production of the footage until after Defendant has taken Plaintiff Mary Sowell's deposition.

5. Contemporaneously with this Motion, Defendant is filing with the Court a sealed copy of the tape for *in camera* review. Defendant is also providing a timeline with approximate times from the video. Both are submitted under seal in the event the Court grants this Motion.

6. Defendant certifies that it has in good faith conferred with opposing counsel in an effort to resolve the dispute without court action. See Fed. R. Civ. P. 26(c)(1).

<u>MEMORANDUM OF LAW</u>

A. The Video is Privileged Work Product.

The application of the work product privilege is a procedural matter governed by federal law. *Camacho v. Nationwide Mut. Ins. Co.*, 287 F.R.D. 688, 694 (N.D. Ga. 2012); *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 700 (S.D. Fla. 2007).

A party may obtain discovery of litigation preparation materials only where it can show "that it has *substantial need* for the materials to prepare its case *and* cannot, without undue hardship, *obtain their substantial equivalent by other means.*" Fed. R. Civ. P. 26(b)(3)(A)(ii) (emphasis added). The privilege "extends to 'materials prepared in connection with an occurrence or circumstance reasonably indicating prospective litigation over a specific matter.'" *Bolitho v. Home Depot USA, Inc.*, 2010 U.S. Dist. LEXIS 76032 *5-6 (S.D. Fla. 2010). Litigation need not be imminent as long as the primary motivating purpose behind the creation of the record was to aid in possible future litigation. *Fojtasek v. NCL (Bahamas), Ltd.*, 262 F.R.D. 650, 656 (S.D. Fla. 2009) (citing *United States v. Davis*, 636 F.2d 1028, 1040 (11th Cir. 1981)).

---

existence of surveillance was not work product, contents of videos were work product); *Bolitho v. Home Depot USA, Inc.*, 2010 U.S. Dist. LEXIS 76487 *3 (S.D. Fla. 2010) (agreeing with defendant that store surveillance video of accident was work product).

Here, the surveillance video taken by Defendant's cameras would have been erased in the ordinary course of business after a period of time.  Defendant went out of its way to create and preserve a digital recording from the video in order to assist in the preparation of its defense to potential litigation.  Plaintiff lacks a substantial need because she was present when she fell and has independent knowledge of how the incident occurred.  Plaintiff has made no showing as to how or why she has a "substantial need" for this video.  The only plausible need she could have is to tailor her testimony to be consistent with the video.  In other words, her "need" is to simply avoid the possible impeachment value of the video.  In reality, she should have no need because she should know why she fell.  Therefore, because a permanent recording would not have been created in the absence of anticipated litigation, the recording should be protected as work product. See *Bolitho v. Home Depot USA, Inc.*, 2010 U.S. Dist. LEXIS 76487 *3 (S.D. Fla. 2010); *Fojtasek*, 262 F.R.D. 650, 657-58 (finding defendant did not have to disclose report created by non-party potential defendant after accident); *Alexander v. Carnival Corp.*, 238 F.R.D. 318, 319-20 (S.D. Fla. 2006) (setting aside magistrate court's finding that accident report created by defendant after slip and fall was discoverable and not subject to work product privilege).

B. Disclosure of the Video Should be Delayed.

Alternatively, even if the video is not work product, the Court has the inherent authority to decide the timing and sequence of discovery. Fed. R. Civ. P. 26(d).  Numerous federal courts in this Circuit have recognized the importance of delaying production of surveillance video until after a plaintiff's deposition. See e.g. *Pate v. Winn-Dixie Stores, Inc.*, 2014 U.S. Dist. LEXIS 25494 *2-3 (S.D. Ga. 2014) (holding defendant store could delay production of store surveillance tape because store was first entitled to deposition based on plaintiff's independent recollection of the incident); *Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674, 675 (S.D. Fla. 2012) ("The Court agrees with Defendant that Plaintiff should be required to give her deposition testimony based on her own

independent recollection of the incident, without being refreshed in any way by the videotape. Moreover, the Court does not find that Plaintiff will suffer any prejudice by delaying the production of the videotape."); *Young v. BC Services, Inc.*, 2011 U.S. Dist. LEXIS 64796 *6-7 (S.D. Ala. 2011) (recognizing impeachment value of audiotapes and granting defendant's motion for protective order); *Bolitho v. Home Depot USA, Inc.*, 2010 U.S. Dist. LEXIS 76487 *4 (S.D. Fla. 2010) (denying plaintiff's motion to compel store surveillance video prior to her deposition). Such a course preserves the impeachment value of the video and precludes any possibility of a plaintiff's tailoring her testimony to the video. *Machi v. Metro. Life Ins. Co.*, 2008 U.S. Dist. LEXIS 45365 *4-5 (W.D. Pa. 2008); *Martino v. Baker*, 179 F.R.D. 588, 590 (D. Colo. 1998); see *Gibson v. Nat'l Railroad Passenger Corp.*, 170 F.R.D. 408, 410 (E.D. Pa. 1997) (noting courts generally allow a plaintiff's deposition to be taken before any films are produced by the defendant to preserve impeachment value of the footage).

In *Parks*, the plaintiff brought a claim based on a slip and a fall on a cruise ship. *Parks*, 285 F.R.D. at 674. The plaintiff requested production of videotapes and pictures of the scene of the accident as well as a videotape of plaintiff taken by closed circuit television cameras at the time of the incident. *Id.* The defendant argued it preserved the videotape solely because it anticipated litigation and it was thus protected by attorney-work product. *Id.* The court determined it was not necessary to decide whether the videotape was protected work product, because Rule 26(d) granted the court broad discretion to decide the timing and sequence of discovery. *Id.* at 675. The defendant expressed its arguments as follows:

> Regardless of whether there is, at this point, any reason to believe the Plaintiff will testify untruthfully, the only way to ensure that Plaintiff provides her recollection of the events, as opposed to testimony regarding what she perceives is depicted (or not depicted) in the video, is to permit Defendant to withhold the video until after completion of the Plaintiff's deposition . . . if Plaintiff provides truthful testimony at her deposition, then the video will corroborate her testimony, and if she does not provide truthful testimony, the impeachment value of the video will be preserved.

4

*Id.* The court agreed with the defendant that the plaintiff should first be required to give her deposition testimony based on her own independent recollection of the incident without being refreshed by the videotape. *Id.* The court further found the plaintiff would not suffer any prejudice by delaying the protection of the videotape, and granted the defendant's motion for protective order. *Id.*

Likewise in *Bolitho*, the court ruled that production of a surveillance video of the incident could be delayed until after a plaintiff's deposition "to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion." *Bolitho*, 2010 U.S. Dist. LEXIS 76487 at *3. The plaintiff was allegedly injured at the service counter of one of the defendant's retail locations and the incident in question was recorded on video. *Id.* at *1. Home Depot averred that it had only copied and preserved the subject video at that point because it had anticipated litigation and thus the video was protected from disclosure by the work product privilege. *Id.* During discovery, the plaintiff requested the production of the surveillance footage, and defendant objected to the request as privileged work-product but stated that "subject to and without waiving [the objection]... that [defendant] is in possession of store surveillance video that captured the alleged incident...[and that it] will be provided to the Plaintiff immediately after her deposition." *Id.* at *3. The magistrate judge denied the plaintiff's motion to compel, and agreed with the defendant that the video was protected work product. *Id.* at *3. On appeal, the district court upheld the magistrate's ruling. See *Bolitho v. Home Depot USA, Inc.*, 2010 U.S. Dist. LEXIS 76032 (S.D. Fla. 2010).

Defendant is providing the Court with a copy of the tape for *in camera* review. Also provided will be a timeline with approximate times from the video. Both are submitted to the Clerk of this Court with Defendant's Motion to Seal Protected Materials (filed contemporaneously with this Motion) in the event the Court grants this Motion. The Court should make its ruling based on the particular facts of the case after reviewing the surveillance video. See *McClure v. Publix Super*

*Markets, Inc.*, 124 So. 3d 998, 1000-01 (Fla. Dist. Ct. App. 2013) (Warner, J., dissenting) (arguing issue of store surveillance disclosure timing should be addressed by trial court based on particular facts of a case and not on individual trial judge's default "policy" applied in all cases).

Defendant has the right to hear Plaintiff's unrefreshed recollection of the events. Plaintiff will not "suffer any prejudice by delaying the production of the video." *Pate*, 2014 U.S. Dist. LEXIS 25494 at *3. The only way to remove the possibility that Plaintiff's testimony will be influenced or altered by production of the video is to withhold production of the video until after Plaintiff has been deposed. See *State Farm Fire & Cas. Co. v. H Rehab, Inc.*, 56 So. 3d 55, 56 (Fla. Dist. Ct. App. 2011) (holding trial court could not order insurer to produce surveillance video before giving insurer an opportunity to depose the subjects of the video); *Rankin v. Waldenbaum*, 670 N.Y.S.2d 1023, 1024 (N.Y. 1998) (granting defendant's motion for protective order and holding store surveillance video should be withheld, reasoning that "danger is present that the Plaintiff would tailor her testimony based upon what is depicted in the videotape. The best way to ensure honest testimony is to conduct the Plaintiff's deposition before the videotape is exchanged."); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D. N.Y. 1986) ("Before the disclosure [of movies or videotapes of the plaintiff in defendant's possession], however, defendant must be afforded the opportunity to take the depositions of the plaintiff and any other affected persons, so that the prior recording of their sworn testimony will avoid any temptation to alter that testimony in light of what the films or tapes show."). The Court should therefore grant a Protective Order here and allow Defendant to depose Ms. Sowell before production of the video.

WHEREFORE, Defendant respectfully requests this Honorable Court to enter an Order granting Defendant's Motion for Protective Order, and allowing Defendant to withhold production of the surveillance video.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

_____

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Phone: (904) 355-4401/Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail and/or CM/ECF to Colin L. McMichen, Esquire, Manuel & Thompson, P.A., 314 Magnolia Avenue, Panama City, Florida, 32402, Primary E-mail: colin@manuelthompson.com, Secondary E-mails: wayne@manuelthompson.com, erin@manuelthompson.com and angela@manuelthompson.com, this 5th day of May, 2014.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Phone: (904) 355-4401/Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MARY SOWELL and**
**ALVIN SOWELL,**

      **Plaintiffs,**

**v.**                           **CASE NO.:  5:14-CV-00093-RS-GRJ**

**TARGET CORPORATION,**
      **Defendant.**
_____/

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S</u><br><u>SECOND REQUEST FOR PRODUCTION</u>

Defendant, Target Corporation, by and through its undersigned attorneys, responds to Plaintiff's Second Request for Production as follows:

    1.    A copy of any videos showing Plaintiff, Mary Sowell's fall or area where Plaintiff, Mary Sowell, fell.

**<u>RESPONSE</u>:**  Target Corporation (hereinafter "Target"), in the normal course of its business operations at the Target Store in question, has video cameras that may depict activity within the store, including, but not limited to, attempted thefts and/or accidents.  This video is normally not preserved but instead it is taped over after a period of time.  However, when video depicts an accident or fall which Target reasonably believes may lead to a claim or lawsuit for injuries, the video is separately preserved and sent to Target's claims representatives in anticipation that it will be needed if a claim or lawsuit arises from the incident.  Here Target has video which depicts the Plaintiff's accident but objects to producing same on the basis that this evidence was preserved and obtained by Target in anticipation of litigation and therefore is work



product.  Plaintiff has made no showing under Rule 26(b)(3)(A)(ii) that she has substantial need for the video to prepare her case.  Presumably the Plaintiff, of all people, should know how or why she fell.  The only possible "justification" Plaintiff may have to see the video, _before_ her deposition, would be to sync her testimony with the video, and thereby avoid any inconsistencies between her version of what happened and the video.  This is obviously prejudicial to Target in its defense of the case.  However, without waiving this objection, and subject to Target's Motion for Protective Order filed contemporaneously herein, Target will produce to Plaintiff the video after the Plaintiff's deposition and completion of her errata sheet following her deposition.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to R. Waylon Thompson, Esq. and Colin L. McMichen, Esq., Manuel & Thompson, P.A., 314 Magnolia Avenue, Panama City, Florida, 32402, Primary E-mails: waylon@manuelthompson.com, and colin@manuelthompson.com by Electronic Mail, this 8th day of May, 2014.

SAALFIELD, SHAD, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
wstone@saalfieldlaw.com
Attorneys for Defendant